```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

MEGAN MAVADDAT,

        Plaintiff,
v.                        Case No. 8:15-cv-1701-T-33JSS

CRACKER BARREL OLD COUNTRY
STORE, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the parties' Joint Removal Status Report and Stipulation (Doc. # 17), filed on October 1, 2015. For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and accordingly remands the action pursuant to 28 U.S.C. § 1447(c).

**I.  Background**

Plaintiff Megan Mavaddat began her employment as a server at Cracker Barrel in New Port Richey, Florida in January of 2010. (Doc. # 2 at ¶ 5). In August of 2011, she transferred to the Wesley Chapel, Florida location. (Id.). According to Mavaddat, her manager made "unwelcome sexual advances toward her," which included brushing up against her body. (Id. at ¶¶ 7-9). Mavaddat alleges that when she reported the conduct to "corporate human resource" she was instructed "not to speak to anyone about the situation."

(Id. at ¶ 15). Ultimately, Mavaddat was terminated in December of 2013. (Id. at ¶ 19). Thereafter, on June 12, 2015, Mavaddat filed a one-count Complaint against Cracker Barrel pursuant to the Florida Private Whistleblower's Act, Fla. Stat. § 448.101, in the Circuit Court of the Sixth Judicial Circuit for Pasco County, Florida.

On July 20, 2015, Cracker Barrel removed this action on the basis of the Court's diversity jurisdiction. (Doc. # 1). On July 29, 2015, the Court held a Case Management Hearing in which it directed the parties to submit further jurisdictional briefing. In response, the parties filed their Joint Removal Status Report and Stipulation (Doc. # 17) on October 1, 2015.

## II. Legal Standard

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount

2

in controversy exceeds $75,000.00. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

In this case, it is undisputed that the parties are of diverse citizenship.[1] The only question is whether the amount in controversy exceeds the $75,000.00 jurisdictional threshold. In the Complaint, Mavaddat has not specified the precise amount of damages sought in the lawsuit, instead alleging damages "in excess" of $15,000.00 for violations of the Florida Private Whistleblower's Act. (Doc. # 2 at ¶ 1). Where, as here, "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are

---

[1] Mavaddat is a citizen of Florida and Cracker Barrel is a Tennessee corporation with its principal place of business in Lebanon, Tennessee.(Doc. ## 17 at 2; 17-4 at ¶ 3).

3

resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Analysis

As previously stated, the Complaint alleges damages "in excess" of $15,000.00 dollars. (Doc. # 2 at ¶ 1). Without any further specificity on damages, Cracker Barrel, as the removing party, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000.00. See Lowery, 483 F.3d at 1208.

Both parties agree that, at the time of her dismissal, Mavaddat's weekly earnings totaled approximately $454.23, such that her back pay damages amount to $41,789.16. (Doc. # 17 at 2). Although the back pay amount alone does not satisfy the $75,000.00 jurisdictional requirement, the parties indicate that, in addition to back pay, Mavaddat seeks "interest on back pay, front pay and/or lost earning capacity, compensatory damages, and attorneys' fees." (Id.).

However, with respect to front pay and lost earning capacity, the parties have not provided any analysis or estimated amounts. This Court joins in the legion of tribunals finding that speculation regarding front pay

4

cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement for diversity of citizenship. See, e.g., Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2-3 (M.D. Fla. Oct. 6, 2009)(finding that "Defendant's calculations regarding front pay . . . are pure speculation"); Hammer v. CVS Pharmacy Inc. ex rel. Holiday CVS, L.L.C., No. 8:14-cv-3243-T-33EAJ, 2015 WL 438351, at *3 (M.D. Fla. Feb. 3, 2015)(finding that a speculative front pay amount could not be aggregated to back pay to meet the jurisdictional requirement).

In addition, while the parties note that Mavaddat "is seeking a minimum of $100,000.00 in compensatory damages based on the emotional harm she claims to have suffered" the Court likewise determines that this amount is unavailing, similarly amounting only to speculation. See Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)(determining that the compensatory damages were too "nebulous" to be considered in proving, by a preponderance of the evidence, the jurisdictional amount); Love v. N. Tool & Equip. Co., No. 08-cv-20453, 2008 U.S. Dist. LEXIS 59110, at *13 (S.D. Fla. Aug. 1, 2008)(stating that although

5

"[c]ourts have considered plaintiffs' claims for emotional distress damages in determining the amount in controversy," emotional distress damages are excluded if the parties present no evidence to determine the amount); <u>Biffar v. GCA Serv. Grp., Inc.</u>, No. 8:15-cv-1154-T-33TGW, 2015 U.S. Dist. LEXIS 85790, at *7 (M.D. Fla. July 1, 2015)(declining to include potential compensatory damages in jurisdictional amount in controversy analysis).

Finally, while the relevant statute provides for attorneys' fees as of right to a prevailing party, the parties' contention that Mavaddat generally seeks attorneys' fees in excess of $50,000.00 is unavailing. As explained in <u>Keller v. Jasper Contractors, Inc.</u>, No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, *3 (M.D. Fla. Aug. 12, 2015), a case in which the court sua sponte remanded a Florida Private Whistleblower's Act action, "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy." The parties have not provided any information regarding the amount of attorneys' fees accrued at the time of removal. And, there is no basis to find that such fees reach an amount that could satisfy

the jurisdictional minimum, even when considered in conjunction with Mavaddat's claim for back pay.

Federal jurisdiction is limited, and removal statutes are construed narrowly and uncertainties are resolved in favor of remand. <u>Burns</u>, 31 F.3d at 1095. Cracker Barrel, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy is in excess of $75,000. Therefore, the Court remands the case to state court. <u>See</u> 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This action is remanded under 28 U.S.C. § 1447(c) for failure of the removing party to invoke federal jurisdiction.

(2) The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of October, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record